# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WHITNEY MORRISON,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **WAKEFIELD & ASSOCIATES,** ) | **JURY TRIAL DEMANDED** |
| **INC.,  corporation; APP of** ) | |
| **ALABAMA ED, LLC, a** ) | |
| **corporation;** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Whitney Morrison, for actual and statutory damages, attorney's fees, and costs for Defendant Wakefield & Associates, Inc.'s violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

### STATEMENT OF THE PARTIES

1. Plaintiff, Whitney Morrison, is over the age of nineteen (19) years

and is a resident of the city of Gadsden in Etowah County, Alabama.

2. Defendant Wakefield & Associates, Inc. is and at all times pertinent herein was, a foreign corporation, qualified to do business in the State of Alabama, and with a principal place of business in Aurora, Colorado. Plaintiff asserts that, upon information and belief, Defendant Wakefield & Associates, Inc. is a debt collector as defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

3. Defendant APP of Alabama ED, LLC is and at all times pertinent herein was a domestic limited liability company organized under the laws of the state of Alabama and was doing business at all relevant times herein in the state of Alabama and in Etowah County.

4. All events herein occurred in Etowah County, Alabama.

### STATEMENT OF FACTS

*Background*

5. On or about April 21 2019, Plaintiff presented to Gadsden Regional Medical Center for treatment due to a medical emergency.

6. Defendant APP of Alabama ED, LLC (hereinafter referred to as "APP"), upon information and belief, acted as the company that staffed the emergency room at Gadsden Regional Medical Center on

the date that Plaintiff presented for treatment and was the entity that charged or otherwise billed the Plaintiff the cost of that treatment.

7. This debt, namely the cost of this medical care, was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

8. Plaintiff received a statement for said medical treatment dated August 7, 2019. The total amount originally sought by APP from Plaintiff for the medical care was $530.00. However, the statement indicated that $445.00 would be written off leaving $85.00 to be paid by Plaintiff or her health insurer. Finally, the statement showed a zero balance. There was no demand for payment in the August 7, 2019 statement sent to Plaintiff.

### *Defendant Wakefield & Associates, Inc.'s collection of the debt allegedly owed to APP of Alabama ED, LLC*

9. On or about January 16, 2020, Defendant Wakefield & Associates, Inc. (hereinafter referred to as "Wakefield") sent a letter to Plaintiff on behalf of and as the agent of Defendant APP in an attempt to collect the debt incurred by the Plaintiff on or about April 21, 2019. This letter, however, claimed that Plaintiff owed APP $545.66 and

claimed that "interest accrues at the rate of 6.00% per annum" on the debt.

10. There was no prior demand for payment and the Plaintiff was notified by APP only that there was a zero balance. As such, there is no legal basis for claiming that this medical bill accrues pre-judgment interest at any rate.

11. Further, despite the date of Wakefield's collection letter being January 16, 2020, as of June 9, 2020, Wakefield was reporting to Trans Union, a credit reporting agency, that Plaintiff owed APP $530.00 and not $545.66 or any other amount. Plaintiff cannot reasonably owe $545.66 in January and then owe $530.00 in June when no payments were made. Either the representation that Plaintiff owed $545.66 on January 16, 2020 was false or the representation that she owed $530.00 on June 9, 2020 was false.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq. AGAINST DEFENDANT WAKEFIELD

12. The foregoing acts and omissions of Defendant Wakefield & Associates, Inc. and its employees and agents constitute violations of

the FDCPA, including, ***but not limited to*** sections 15 U.S.C. §§ 1692e(2)(A), and 1692f(1), with respect to Plaintiff.

13. As a result of Defendant Wakefield's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Wakefield.

### COUNT TWO
### NEGLIGENCE

14. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

15. The Defendants knew or should have known that said conduct was improper and violated the law.

16. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct and negligently charged the Plaintiff interest not allowed by law.

17. Defendant Wakefield & Associates, Inc. negligently failed to train

and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

18. As a result of Defendants' negligence, Plaintiff suffered harm.

## COUNT THREE
## WANTONNESS

19  The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

20. The Defendants knew or should have known that said conduct was improper and violated the law.

21. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct and wantonly and/or intentionally charged the Plaintiff interest not allowed by law.

22. Defendant Wakefield & Associates, Inc. recklessly and wantonly failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

23. As a result of Defendants' reckless and wanton conduct, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal

injuries.

### *Respondeat Superior Liability*

24. At all times relevant herein, Defendant Wakefield & Associates, Inc. and its employees and agents acted as the agent of Defendant APP. The acts and omissions of Defendant Wakefield and its employees and agents were committed within the scope of Wakefield's agency relationship with APP.

25. The acts and omissions by Wakefield and its employees and agents were incidental to, or of the same general nature as, the responsibilities Wakefield was authorized to perform by Defendant APP in the collection of consumer debts such as the consumer debt allegedly owed by the Plaintiff.

26. By committing these acts and omissions against the Plaintiff, Defendant Wakefield's agents and employees were motivated to benefit Wakefield's principal, Defendant APP.

27. Defendant APP is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agent, Wakefield & Associates, Inc., in Wakefield's attempts to collect the

alleged debt from the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in both compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant Wakefield & Associates, Inc.'s conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k, actual damages to be determined by a jury and costs and reasonable attorney's fees from Wakefield & Associates, Inc. for its violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

      /s/ *W. Whitney Seals*
      W. WHITNEY SEALS,
      Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Whitney Morrison
1711 Main St.
Gadsden, AL 35903

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**WAKEFIELD & ASSOCIATES, INC.**
C/O Registered Agent
Incorp Services, Inc.
4037 U.S. 231, Ste. A
Wetumpka, AL 36903

**APP of Alabama ED, LLC**
C/O Registered Agent
Cogency Global, Inc.
2 N. Jackson Street, Suite 605
Montgomery, AL 36104